```
              IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                  *
JOAN HILL-RODRIGUEZ, et al.,
                                  *

                                  *
     Plaintiffs,
v.                                *      CIVIL NO.: WDQ-06-750
                                  *
BLUEHIPPO FUNDING, LLC,
et al.,                           *
                                  *
     Defendants.                  *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Joan Hill-Rodriguez, Vincent Humphries, Moses Sabb, Pedro Santiuste, Carlton Turner, and Serrenia White, both individually and as representatives of similarly situated consumers, have sued BlueHippo Funding LLC ("BlueHippo") and Joseph K. Resin for unfair and deceptive trade practices in violations of the Truth in Lending Act ("TILA")[1], the Electronic Fund Transfer Act[2], the Maryland Consumer Protection Act[3], and the Maryland Retail Installment Sales Act ("RISA")[4]. Pending are the Defendants' motion to compel arbitration and the Plaintiffs' motion for voluntary dismissal. For the following reasons, the Defendants' motion to compel

---

[1] 15 U.S.C. §§ 1601 *et seq.* (2006).

[2] 15 U.S.C. §§ 1693 *et seq.* (2006).

[3] MD. CODE ANN., COM. LAW §§ 13-301 *et seq.* (2006).

[4] MD. CODE ANN., COM. LAW §§ 12-601 *et seq.* (2006).

1

arbitration will be granted, and the Plaintiffs' motion for voluntary dismissal will be denied.

BACKGROUND

Resin is the owner of BlueHippo, a company that markets, sells and finances personal computers to low-income consumers with bad credit. *See* Complaint at ¶¶1,2. Immediately after a consumer orders a computer, BlueHippo mails a Shipping Verification Form and Terms and Conditions Document(collectively, the "Contract") by which the consumer signs and agrees--among other terms and conditions--to submit "any dispute arising out of the agreement" to binding arbitration. *See* Mot. Compl., Burcham[5] Decl. at ¶10. The parties expressly agreed that:

> AGREEMENT TO ARBITRATION. Any dispute between us *arising out of this Agreement* or the breach of this Agreement, including any claim against any of our affiliates, successors or assigns, or our employees, agents or officers, may at the choice of either party, be determined *by individual (and not class)* binding arbitration by the National Arbitration Forum under the Code of Procedure then in effect.
>
> If arbitration is chosen by any party with respect to a claim, neither you nor we will have the right to litigate that claim in court or have a jury trial on that claim or to engage in pre-arbitration discovery except as provided in the applicable arbitration rules. *Further, you will not have the right to participate as a representative or member of any class of claimaints pertaining to any claim subject to arbitration.* The arbitrator's decision will be final and binding. Note that other rights that you or we would have if you went to court may also not be available in arbitration. The fees charged by the arbitration administrator may be greater or lesser than

---

[5]John P. Burcham, Esq., is corporate counsel for BlueHippo.

2

> the fees charged by a court.
>
> Any award of the arbitrator may be entered as a judgment in any court having jurisdiction. No other arbitrator shall have the authority to award punitive damages in excess of twice the number of the actual damages. This agreement shall be governed by and interpreted under the Federal Arbitration Act, 9 U.S.C. Sect-16.

*See* Burcham Decl. at ¶6(Emphasis added).

Additionally, the parties agreed that the consumer would not participate in class actions. This agreement expressly provides:

> AGREEMENT NOT TO PARTICIPATE IN CLASS ACTIONS. To the extent permitted by law, you agree that you will not bring, join or participate in any class action as to any claim, dispute or controversy you may have against us or our agents, directors, officers and employees. You agree to the entry of injunctive relief to stop such a lawsuit or to remove you as a participant in the suit. You agree to pay the attorneys' fees and court costs we incur in seeking such relief. *This agreement is not a waiver of any of your rights and remedies to pursue a claim individually, though not as a class action in binding arbitration as provided above*. This agreement not to bring or participate in class action suits is an independent agreement and shall survive the closing and repayment of this Account.

*See id.* at ¶7. (Emphasis added).

Notwithstanding the aforementioned provisions, the Plaintiffs brought this suit on March 22, 2006. The Plaintiffs allege that BlueHippo harms consumers by its deceptive and misleading advertising, limited payment plan options, forfeiture policy, and misleading sales and financing documents. On June 6, 2006, the Defendants filed a motion to compel arbitration. On June

3

8, 2006, the Plaintiffs filed a motion for voluntary dismissal.[6]

ANALYSIS

A.  Motion for Voluntary Dismissal

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may move for dismissal without prejudice.  A motion to dismiss without prejudice is committed to the sound discretion of the district court.  *See Kyte v. College of S. Md.,* No. DKC 2003-2558, 2005 U.S. Dist. LEXIS 2516, at* 1 (D.Md. Feb. 18, 2005). One factor that the Court may consider is the Plaintiffs' reason for dismissal. *See id.* at *3.

Here, the Plaintiffs filed their motion in response to the Defendants' motion to compel.  This, however, is inappropriate use of Rule 41(a)(2).  *See Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (a party should not be permitted to avoid the prospect of an adverse decision on a dispositive motion by dismissing a claim without prejudice).  Accordingly, the Plaintiffs' motion for voluntary dismissal will be denied.

---

[6] Plaintiffs' counsel has also filed a virtually identical class action (on behalf of other individuals "the "California Plaintiffs") against the Defendants in the U.S. District Court for the Northern District of California, Civ. No. JSW 06-01807. Pending before the Northern District of California Court are BlueHippo's motion to transfer venue to this Court, and the California Plaintiffs' motion to file a second amended complaint adding the Maryland Plaintiffs. On July 6, 2006, the U.S. District Court for the Northern District of California ordered a stay of the proceedings pending this Court's decision.  *See* 7/6/06 Order.

B.   Motion to Compel Arbitration

In enacting the Federal Arbitration Act ("FAA"), Congress recognized a strong federal policy in favor of arbitration. *Sydnor v. Conseco Financial Servicing Corp.*, 252 F.3d 302, 305 (4th Cir. 2001) (*citing Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)). When a valid agreement to arbitrate exists between the parties and covers the matter in dispute, the FAA mandates that federal courts stay any ongoing judicial proceedings and compel arbitration. *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 937 (4th Cir. 1999) (*citing* 9 U.S.C. §§ 3-4).

The Plaintiffs contend that their claims are not subject to arbitration. First, the Plaintiffs suggest that not all of BlueHippo's customers signed or otherwise agreed to arbitration and waiver of their right to participate in class actions. Although the Defendants have not produced copies of agreements for all of the named plaintiffs, they have provided copies of the Contract for both Hill-Rodriguez and Turner.[7] *See* Mot. Compl., Burcham Decl. at Ex. A-C (9/22/04 Turner Shipping Verification Form and Terms and Condition Document, 4/9/05 Hill-Rodriguez Shipping Verification Form and Terms and Condition Document). The record, however, is clear that upon a consumer placing an order, it was BlueHippo's

---

[7]The Defendants explained that the reason that they have not produced copies of other agreements is that the complaint lacked pertinent information--such as date of purchase order--which would have been helpful in researching their files. *See* Mot. Compl. at p.5.

5

standard business practice to send every consumer the Contract. *See Jones* v. *Genus Credit Mgt. Corp.*, 353 F.Supp. 2d 598, 600 (D.Md. 2005) (in the absence of copies of arbitration agreements, evidence of defendant's standard business practice to send consumers arbitration agreements was sufficient). In response, the Plaintiffs have merely relied on the allegations contained in the Complaint, rather than an affidavit refuting receipt of the agreement. *See Genus Credit Management Corp.*, 353 F.Supp. 2d at 600 (minimally, the plaintiff must submit an affidavit refuting receipt of the agreement once the Defendant sets forth evidence of the existence of an arbitration agreement).

Moreover, as Plaintiffs have asserted both TILA and RISA claims--which are only available where consumers have signed or otherwise assented to consumer contracts--their denial of receipt of the Contract is disingenuous. *See Gibson v. LTD, Inc.*, 434 F.3d 275, 280-82 (4th Cir. 2006) (TILA is applies only when the purchaser signed the retail installment sales contract); *State v. Action TV Rentals, Inc.*, 467 A.2d 1000, 1004-12 (Md. 1983) (RISA applies only to contract which buyer is under binding obligation to make certain payments). Even assuming arguendo that the Plaintiffs did not sign or otherwise agree to the Contract, they are still bound by the arbitration and class action provisions. *R.J. Griffin & Co. v. Beach Club II Homeowners Ass'n, Inc.*, 384 F.3d 157 (4th Cir. 2004) (party is estopped from denying that it is bound by the terms of an

6

arbitration clause when its claims arise from the contract containing the clause). Here, several of the Plaintiffs' claims clearly arise from the Contract. *See* Compl. at ¶¶18-28 (alleging that BlueHippo's advertising suggest more favorable terms and conditions than those actually provided by BlueHippo);¶29 (alleging discrepancy between BlueHippo's advertising and the Terms and Conditions Document); ¶31 (attacking legality of payment plan as set forth in BlueHippo's Shipping Verification Form); ¶¶34-35 (alleging insufficient disclosures in BlueHippo contractual documents regarding policy on refunds); ¶¶36-43, 56 (allegations regarding BlueHippo contractual documents and the unconscionability of terms and insufficiency of disclosures).

Alternatively, the Plaintiffs argue that the arbitration provision is unconscionable. First, the Plaintiffs maintain the contract lacks consideration, was induced by duress and contains incomprehensible terms. These arguments, however, are unpersuasive because a party may only avoid arbitration on grounds relating specifically to the arbitration provision, not just the contract as a whole. *Jeske v. Brooks*, 875 F.2d 71, 75 (4th Cir. 1989 (refusing to consider party's arguments that arbitration clause must be declared invalid on the grounds that customer's agreement as a whole was invalid due to overreaching, unconscionability, fraud and lack of consideration, because the alleged defects pertained to the entire contract, rather than specifically to the arbitration

clause). The Plaintiffs, however, are not without a remedy--they can address these allegations before the arbitration forum. Second, the Plaintiffs argue that the arbitration provision is unconscionable because their rights are limited in an arbitration forum. Courts cannot treat arbitration in general as an inferior or less reliable means of vindicating important substantive rights. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 628 (1985). The Plaintiffs, therefore, must adduce evidence that this specific arbitral forum is so procedurally unfair as to inject substantive bias into the process itself. *Hooters*, 173 F.3d at 938 (finding that Plaintiffs were denied their substantive rights because of unfair arbitration procedures). As the Plaintiffs offer no evidence supporting this allegation, the argument is unavailing. Lastly, the Plaintiffs urge the Court to find the arbitration provision unenforceable because it limits their right to bring a class action. This argument, however, fails as well. Simply because judicial remedies are part of a law does not mean that Congress meant to preclude parties from bargaining around their availability. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 503 (4th Cir. 2002) (*citing Johnson v. West Suburban Bank*, 225 F.3d 366, 377 (3d Cir. 2000) (Truth in Lending Act claims are arbitrable even if class action mechanism is unavailable). Absent any evidence suggesting that Congress intended to confer a nonwaivable right to a class action under any of the relevant statutes in this case, the

Plaintiffs' inability to bring a class action is an insufficient grounds to find the arbitration provision unenforceable. *See id*.

As the arbitration provision clearly provided that all claims "arising out of this agreement" were arbitrable, all of the Plaintiffs' claims are subject to arbitration. *See J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile,* 863 F.2d 315, 321 (4th Cir. 1988)(Arbitration agreements containing language such as "arising out of" or "relating to" are construed broadly and therefore all matters or claims independent of the contract or collateral thereto are arbitrable).

Accordingly, the Defendants' motion to compel arbitration will be granted.

Pursuant to Fed.R.Civ.P. 23 (g)(2)(A), the Defendants have requested that the Court designate Plaintiffs' counsel as interim counsel for the putative nationwide class. If Plaintiffs' counsel is designated interim counsel, the Court's ruling, would be binding on any unnamed class members. *See Phillips Petroleum v. Shutts,* 472 U.S. 797 (1985)(unnamed class members...are bound by decision whether or not the court would otherwise have personal jurisdiction over them). The Court, however, may only bind future class members if it finds that Plaintiffs' counsel litigated this matter on behalf and in the interest of all potential class members. *See In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig*., 333 F.3d 763, 768 (7th Cir. 2003) (a decision with respect

9

to the class is conclusive only if the absent members were adequately represented by the named litigants and class counsel).

In appointing interim counsel, the court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class;
> (ii) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
> (iii) may direct potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney fees and nontaxable costs; and
> (iv) may make further orders in connection with the appointment.

*See* Fed.R.Civ.P. 23 (g)(2)(A).

As the Court has insufficient evidence on the Plaintiffs' suitability as interim counsel, the Court directs both parties to submit briefs addressing this issue in accordance with the schedule set forth in the Order.

## CONCLUSION

For the reasons discussed above, the Plaintiffs' motion for voluntary dismissal will be denied and the Defendants' motion to compel arbitration will be granted.


_August 30, 2006___          _____/S/_____
Date                         William D. Quarles, Jr.
                             United States District Court Judge