```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
JOAN HILL-RODRIGUEZ, ET AL.,
                              *
     Plaintiffs,
                              *     CIVIL NO.: WDQ-06-0750
v.
                              *
BLUEHIPPO FUNDING, LLC,
ET AL.,                       *

     Defendants.              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Joan Hill-Rodriguez, Vincent Humphries, Moses Sabb, Pedro Santiuste, Carlton Turner, and Serrenia White, individually and as representatives of similarly situated consumers, sued BlueHippo Funding LLC and Joseph K. Resin, owner of BlueHippo, (Defendants collectively, "BlueHippo") for unfair and deceptive trade practices in violation of the Truth in Lending Act ("TILA")[1], the Electronic Fund Transfer Act ("EFTA")[2], the Maryland Consumer Protection Act ("MD CPA")[3], and the Maryland Retail Installment Sales Act ("RISA")[4].

Pending are: 1) the Plaintiffs' motions for reconsideration

---

[1] 15 U.S.C. §§ 1601 et seq. (2006).

[2] 15 U.S.C. §§ 1693 et seq. (2006).

[3] Md. Code Ann., Com. Law §§ 13-301 et seq. (2006).

[4] Md. Code Ann., Com. Law §§ 12-601 et seq. (2006).

1

and for leave to file new evidence in support of their motion for reconsideration; 2) BlueHippo's motions to strike the declaration and notice filed with the Plaintiffs' recent reply briefs and for leave to file a sur-reply; and 3) the Court's requested briefing on the designation of interim class counsel under Federal Rule of Civil Procedure ("FRCP") 23(g)(2)(A).  For the reasons discussed below, the motion for reconsideration will be granted in part and denied in part and the order to compel arbitration modified.  The motion for leave to file new evidence will be denied, BlueHippo's motion to strike will be granted in part and denied in part and the motion for leave to file a sur-reply will be denied.  Finally, the Court will not designate interim class counsel at this time.

I.   Background

BlueHippo markets, sells and finances personal computers to low-income consumers with bad credit.  Once a consumer orders a computer, BlueHippo mails a Shipping Verification Form and Terms and Conditions Document (the "Additional Terms").  The Additional Terms contains, among other provisions, an arbitration clause.

On June 6, 2006, BlueHippo moved to compel arbitration and two days later the Plaintiffs moved for voluntary dismissal without prejudice.  On August 30, 2006, this Court issued a Memorandum Opinion and Order (Paper Nos. 51, 52, the "Aug. 30 Mem. Op.") granting the Defendants' motion to compel arbitration

2

and denying the Plaintiffs' motion for voluntary dismissal. The Plaintiffs argued that not all of them signed the Additional Terms--some failed to sign, (the "Non-Signers") and others did sign (the "Signers"). Aug. 30 Mem. Op. at 5. The Court found that the arbitration clause bound all Plaintiffs because they all entered into a binding agreement with BlueHippo. *Id*. at 6 (the Additional Terms were sent); *Id*. at 7 (the claims are based on the Additional Terms so they are a part of the contract).

II. Analysis

A. Motion for Reconsideration

The Plaintiffs have moved for reconsideration, requesting that the Court grant their motion for voluntary dismissal and deny BlueHippo's motion to compel arbitration.

1. Standard of Review

On September 11, 2006, the Plaintiffs moved for reconsideration of the Aug. 30 Mem. Op., but did not specify whether their motion was under either FRCP 59(e) or FRCP 60(b). The Court will treat it as a Rule 59(e) motion served not later than 10 days after entry of the judgment. *U.S. v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003); Fed.R.Civ.P. 59(e); Fed.R.Civ.P. 6(a).

Under Rule 59(e), a court may grant a motion for reconsideration to: 1) accommodate an intervening change in

controlling law; 2) account for new evidence previously unavailable; or 3) correct a clear error of law or prevent manifest injustice. *Bogart v. Chapell,* 396 F.3d 548 (4th Cir. 2005).

2.   The Motion to Compel Arbitration

The Plaintiffs argue that: (1) merely receiving the Additional Terms does not require that they be incorporated into the contract; and (2) they do not seek direct benefit from the Additional Terms and thus estoppel is inappropriate.  The Defendants respond, arguing that: (1) anyone who received copies of the Additional Terms and failed to object is bound; and (2) this Court was correct in its initial estoppel analysis.

To determine whether the arbitration clause is binding, the Court must determine if 1) there is a valid contract; and 2) the arbitration clause is part of that contract.

This dispute falls under the provisions of the Federal Arbitration Act ("FAA") because it involves "[a] written provision in . . . a contract evidencing a transaction involving commerce."  9 U.S.C. § 2; *accord Case Intern. Co. v. T.L. James and Co., Inc.*, 907 F.2d 65, 66 (8th Cir. 1990).  "[T]he determination of whether a party has agreed to arbitrate generally falls within the province of courts rather than of arbitrators."  *Rock-Tenn Co. v. United Paperworkers Intern. Union AFL-CIO*, 184 F.3d 330, 334 (4th Cir. 1999) (also noting that

4

parties can agree to arbitrate arbitrability).

Indeed, under the FAA, "[t]he only issues which the court is authorized to consider on a motion to compel arbitration are ones which pertain to, *inter alia*, 'the making of the arbitration agreement.'" *In re Mercury Const. Corp.*, 656 F.2d 933, 940 (4th Cir. 1981) (*citing* 9 U.S.C. § 4); *accord Will-Drill Resources, Inc. v. Samson Resources Co.*, 352 F.3d 211, 214 (5th Cir. 2003) ("[T]he court must determine whether the parties agreed to arbitrate the dispute").

Section 4 of the FAA "directs the court to order arbitration once it is satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." *In re Mercury*, 656 F.2d at 939.[5]  Indeed, the Court must determine "whether there is a valid agreement to arbitrate between the parties." *Will-Drill*, 352 F.3d at 214.  Accordingly, if the Court erred in determining that the contract existed or that the arbitration provision was a part of the contract, then it erred in compelling arbitration.

In the Aug. 30 Mem. Op., this Court, finding that a contract had been formed, concluded that the arbitration clause, contained in the subsequently mailed Additional Terms, governed all disputes.  Aug. 30 Mem. Op. at 9.  The Court relied on

---

[5] Although § 4 is directed towards motions to compel when the motion begins the litigation, its principles logically apply whenever there is a motion to compel arbitration.

5

allegations in the complaint that indicated that the purchasers conceded that a contract had been formed. *Id*. at 7.

Although the Plaintiffs now contend that the Non-Signers did not enter into a contract, Mem. Supp. Mot. for Recon. at 16, a cursory review of the complaint reveals allegations stating just the opposite, for example: "[t]he transactions between BlueHippo and *each* named plaintiff and *each* member of the Plaintiff Class further constitute retail installments sales *contracts*." Compl. ¶ 73 (emphasis added). Clearly a contract was formed, but its scope is not apparent.

This Court, citing *R.J. Griffin & Co. v. Beach Club II Homeowners Ass'n, Inc.*, 384 F.3d 157 (4th Cir. 2004), stated that a party may be estopped from denying that it is bound by an arbitration clause when its claims arise from the contract containing the clause. *Id*. at 162. The *Griffin* Court, however, distinguished between benefits which flowed from the creation of the contract and benefits that flowed from the construction of specific provisions of the contract. *Id*. When a contract imposes duties based on statutes or common law and these duties are challenged, estoppel is inappropriate. *Id*.

The "claims" the Court relied on are not claims, but factual allegations. *See* Aug. 30 Mem. Op. at 7. The complaint alleges BlueHippo's violations of TILA, EFTA, RISA, and MD CPA not of the Additional Terms. As the Plaintiffs are not trying to hold

6

BlueHippo to the provisions of the Additional Terms, their complaint does not estop them from arguing that the Additional Terms were not a part of the contract with BlueHippo.

The computer purchasers in this case are in three categories: 1) Signers; 2) Non-Signers; and 3) those who did not receive the Additional Terms.  None of the named plaintiffs, apparently, is in the third category.  Mem. Supp. Mot. for Recon. at 14.  As discussed below, individuals in category two and category three are not bound by the arbitration clause.

Plaintiffs are not required to submit their grievances to arbitration unless "the arbitration clause included in [the Additional Terms] . . . became, under applicable contract law, part of the sales contract."  *Supak & Sons Mfg. Co. v. Pervel Indus. Inc.*, 593 F.2d 135, 136 (4th Cir. 1979).

BlueHippo relies on the Seventh Circuit's analysis in *Hill v. Gateway 2000*, Inc., 105 F.3d 1147 (7th Cir. 1997) and its predecessor, *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447 (7th Cir. 1996), to argue that the contract was not formed until the Additional Terms were received; as a result, they contend, those terms are part of the contract.  In those cases, the acceptance of the offer did not occur until the product was received, thus the purchaser had the chance to inspect the item *and* the additional terms.  *Hill*, 105 F.3d at 1150.  Upon retaining the product in light of the terms accompanying it, the additional

7

terms became binding.  *Id*. at 1148 (*citing ProCD*, 86 F.3d 1447). Under *Hill* and *ProCD*, if the offer continued until the consumer accepted by retaining the product, then the consumer had a right to reject the product and the contract.

Here, in contrast, the product was not shipped with the Additional Terms.  The contract was formed orally over the telephone when BlueHippo agreed to send the computer after the customer made several non-refundable weekly payments and the customer agreed to make such payments.  *See* Md. Code Ann., Com. Law § 2-404(1) ("A contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract"). BlueHippo began debiting immediately and those debits were non-refundable.  Mem. Supp. Mot. for Recon. Ex. 1 (BlueHippo Sales Script at 4).

BlueHippo contends that terms and conditions received after a consumer orders goods are binding in the absence of a timely objection notwithstanding Md. Code Ann., Com. Law § 2-207.  *See Hill*, 105 F.3d at 1150 (§ 2-207 is "irrelevant" when the case involves only one written form) (*citing ProCD*, 86 F.3d at 1452).

In Maryland, § 2-207 states that:

> (1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

> (2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:
>
> (a) The offer expressly limits acceptance to the terms of the offer;
>
> (b) They materially alter it; or
>
> (c) Notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

Md. Code Ann., Comm. Law § 2-207. By its language, the statute clearly contemplates a situation in which a prior agreement has been reached and a single subsequent writing serves as confirmation of the that agreement. *See* § 2-207 Comment 1 ("This section is intended to deal with [the] situation[] . . . where an agreement has been reached . . . orally . . . and is followed by *one or both* parties sending formal memoranda embodying the terms . . . and adding terms not discussed.") (emphasis added). This Court concludes that § 2-207 would apply to this case.

Section 2-207 contemplates that a confirmation or acceptance may contain additional or different terms. When, as here, one party is not a merchant, under subsection (2) "additional terms are to be construed as proposals for addition to the contract." Such additional terms must be explicitly accepted to be binding. *Licitra v. Gateway, Inc.*, 189 Misc.2d 721, 730 (N.Y. Civ. Ct. 2001); *Klocek v. Gateway, Inc.*, 104 F.Supp.2d 1332, 1341 (D.Kan. 2000) (relying on Kansas Comment 2 to § 2-207). In addition, the statute specifically invokes a burden of "notification of

objection" only in situations in which both parties are merchants. § 2-207(2)(c). The consumer must agree to additional terms before they are incorporated into the contract. Beyond their mere failure to object, there is no evidence that the Non-Signers accepted the Additional Terms; accordingly, the arbitration clause does not apply to them.

As the arbitration clause does not bind all of the Plaintiffs, the motion for reconsideration will be granted and the order modified, in accordance with this memorandum opinion, to compel arbitration only as to the Signers.

3.  Voluntary Dismissal

The Plaintiffs have requested that the Court reconsider its denial of their motion for voluntary dismissal. They argue that the Court incorrectly concluded that the motion for voluntary dismissal was a response to BlueHippo's motion to compel and that, in fact, the motion to compel was not directed at the Non-Signers and so the motion for voluntary dismissal was not a response to the motion to compel. The Plaintiffs also argue that they did not seek dismissal in response to the Defendants' motion and that the defendants are not prejudiced by a voluntary dismissal. The Defendants respond, arguing that there is no basis upon which to reconsider the Court's denial of the Plaintiffs' motion for voluntary dismissal.

As the initial motion to compel was directed to plaintiffs

that signed or otherwise assented to the Additional Terms, it was not clearly directed towards all plaintiffs. Moreover, there is evidence that the Plaintiffs notified BlueHippo of their desire to seek dismissal before BlueHippo moved to compel arbitration. The Court finds its earlier reasoning improvident and will grant the motion to reconsider the denial of the Plaintiffs' motion for voluntary dismissal as to the Non-Signers.

B.  Designation of Interim Counsel

The Court requested briefing regarding the appointment of interim class counsel under FRCP 23(g)(2). The selection of interim class counsel generally comes from willing applicants seeking the designation. *Allen v. Stewart Title Guar. Co.*, 2007 WL 119953 *2 (E.D. Pa. 2007); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 2006 WL 3332998 *1 (E.D.N.Y. 2006). As the Court can find no case in which designation of interim class counsel has been forced upon unwilling attorneys, it will not appoint Plaintiffs' counsel as interim class counsel at this time.

C.  Motion to Strike and for Leave to File a Sur-reply

BlueHippo has moved to strike: (1) factual matters in the Plaintiffs' reply to the motion for reconsideration; 2) the Declaration of Plaintiff Vincent Humphries attached to the Plaintiffs' reply; and 3) the Plaintiffs's notice of withdrawal

of class allegations ("Withdraw Notice"); BlueHippo also seeks leave to file a sur-reply.

Federal Rule of Civil Procedure 12(f) allows a district court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed.R.Civ.P. 12(f).

BlueHippo fails to identify the additional factual matters contained in the Plaintiffs' Reply; as a result, the Court will not strike any material on this basis.

The Court, however, rejects the Plaintiffs' Withdraw Notice as an amendment of their complaint.  As BlueHippo has answered the complaint, FRCP 15(a) requires leave of court or written consent of the adverse party before a complaint may be amended.  Fed.R.Civ.P. 15(a).  As no motion has been filed, only the aforementioned notice, the Court will grant the motion to strike as to the Withdraw Notice.

D.   Motion to Include Additional Evidence

The evidence sought to be admitted is that BlueHippo does not regularly mail the Additional Terms to consumers.  As stated above, the named Plaintiffs have admitted that they have received the Additional Terms.  As the Court has held that the Non-Signers cannot be forced to arbitrate, those who never received the terms cannot be said to have agreed to arbitrate either.  Accordingly, the Court will deny as moot the Plaintiffs' motion to include

12

additional evidence.

III. Conclusion

    For the reasons stated above, the motion for reconsideration will be granted in part and denied in part.  The motion to compel will be granted only as to the Signers and the motion for voluntary dismissal will be granted, but only as to the Non-Signers.  The motion to strike will be granted only as to the Withdraw Notice.  In addition, the motion for leave to file new evidence will be denied as moot.


<u>March 1, 2007</u>　　　　　　　　　　　　<u>　　　　　/s/　　　　　　　</u>
Date　　　　　　　　　　　　　　　　　William D. Quarles, Jr.
　　　　　　　　　　　　　　　　　　　United States District Judge

13